Artour GEVORKIAN, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICES, Respondent.

No. 00–70548.
I & NS No. A70–081–597.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2001.*

Decided Oct. 16, 2001.

_____

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before BRUNETTI, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM**

Petitioner Artour Gevorkian petitions for review of an April 25, 1997 decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's denial of his requests for withholding of deportation and for asylum pursuant to § 243(h) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1254(a)(1) (repealed 1996). Gevorkian also seeks review of the BIA's April 13, 2000 denial of his motion to reopen deportation proceedings, arguing that the statute of limitations in 8 C.F.R. § 3.2(c)(2) should be equitably tolled because he received ineffective assistance of counsel.

Petitioner's deportation proceedings commenced prior to April 1, 1997 and the final order of deportation was issued after October 30, 1996. The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") therefore govern his case. *See* IIRIRA, Pub.L. No. 104–208, § 309(a), 110 Stat. 3009, 3009–625 (1996); *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997).

■ We dismiss the petition for review of the BIA's April 25, 1997 final deportation order and denial of asylum for lack of jurisdiction. Under IIRIRA § 309(c)(4)(C), "the petition for judicial review must be filed not later than 30 days after the date of the final order of exclusion or deportation." *See Narayan v. INS,* 105 F.3d 1335 (9th Cir.1997). This statute of limitations is a jurisdictional bar. *See Stone v. INS,* 514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Because petitioner brought his petition for review over three years after the 30–day period

had ended, we lack jurisdiction to hear his appeal.

■ We further hold that the BIA did not abuse its discretion by denying, on April 13, 2000, Petitioner's motion to reopen deportation proceedings. *See Konstantinova v. INS,* 195 F.3d 528, 529 (9th Cir.1999) (reviewing the BIA's denial of a motion to reopen for abuse of discretion). While Petitioner filed a motion to reopen within the 90–day time limit set forth in 8 C.F.R. § 3.2(c)(2), he did not timely submit an adjudicated visa petition and therefore failed to establish a prima facie case for adjustment of status under 8 C.F.R. § 245. Under 8 C.F.R. § 3.2(c)(1), a motion to reopen "must be accompanied by the appropriate application for relief and all supporting documentation." Thus, the BIA did not abuse its discretion in denying the Petitioner's motion to reopen.

■ We lack jurisdiction to review Petitioner's ineffective assistance of counsel claim because he did not first raise the claim with the BIA and thereby failed to exhaust available administrative remedies. " 'Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.' " *Ochave v. INS,* 254 F.3d 859, 867 (9th Cir.2001) (quoting *Vargas v. U.S. Dept. of Immigration and Naturalization,* 831 F.2d 906, 907–08 (9th Cir. 1987)).

■ Equitable tolling of a statute of limitations may be available when a party "is prevented from asserting a claim by wrongful conduct on the part of the [adversary], or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll*

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as 9th Cir. R. 36–3 may provide.

*v. Runyon,* 165 F.3d 1238, 1242 (9th Cir. 1999). Because there is no evidence of either situation in Petitioner's case, equitable tolling is not applicable here.

PETITION DENIED.