08-4532-ag
Ma v. Holder

BIA
Chew, IJ
A073 524 435

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of December, two thousand nine.

PRESENT:
>        JON O. NEWMAN,
>        RALPH K. WINTER,
>        REENA RAGGI,
>             *Circuit Judges*.

————————————————————————————————————

YUN-ZHEN MA,
>        *Petitioner*,

>        v.                                    08-4532-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[1] UNITED STATES
DEPARTMENT OF JUSTICE,
>        *Respondents*.

————————————————————————————————————

---

[1]  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as a respondent in this case.

FOR PETITIONER:        Norman Kwai Wing Wong, New York, New
                       York.

FOR RESPONDENTS:       Tony West, Assistant Attorney
                       General; Leslie McKay, Assistant
                       Director; Kelly J. Walls, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Yun-Zhen Ma, a native and citizen of the People's Republic of China, seeks review of the August 19, 2008 order of the BIA, affirming the May 2, 2007 decision of Immigration Judge ("IJ") George T. Chew, denying her motion to reopen. *In re Yun-Zhen Ma*, No. A073 524 435 (BIA Aug. 19, 2008), *aff'g* No. A073 524 435 (Immig. Ct. N.Y. City May 2, 2007).[1] We assume the parties' familiarity with the

_____

[1] While this appeal was pending, the BIA denied Ma's simultaneous motion to reconsider its August 19, 2008 order. Because Ma did not petition for review of the denial of her motion for reconsideration, we review only the August 19, 2008 order. *See Alam v. Gonzales*, 438 F.3d 184, 186 (2d Cir. 2006); *see also Stone v. INS*, 514 U.S. 386, 393-94 (1995) (requiring alien to petition for review of motion to reconsider); *Khouzam v. Ashcroft*, 361 F.3d 161, 167 (2d Cir. 2004) (holding that BIA had jurisdiction to reconsider initial decision after petition for review was filed).

underlying facts and procedural history of the case.

## 1. Standard of Review

Motions to rescind *in absentia* removal orders are distinct from motions to reopen removal proceedings based on, *inter alia*, new evidence. *See Song Jin Wu v. INS*, 436 F.3d 157, 163 (2d Cir. 2006); *In re M-S-*, 22 I. & N. Dec. 349, 353-55 (BIA 1998) (en banc). Because Ma sought both types of relief, we treat her motion as comprising separate applications to rescind and to reopen. *Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006); *see also Maghradze v. Gonzales*, 462 F.3d 150, 152 n.1 (2d Cir. 2006).

When the BIA agrees with the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the denial of both a motion to rescind and a motion to reopen for abuse of discretion. *See Alrefae*, 471 F.3d at 357; *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

## 2.   Motion to Rescind

Ma submits that her *in absentia* deportation order may be rescinded because "she did not receive notice" of her deportation hearing.  8 C.F.R. § 1003.23(b)(4)(iii)(A). When, as in this case, "'service of a notice of a deportation proceeding is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail, a strong presumption of effective service arises.'"  *Alrefae*, 471 F.3d at 359 (quoting *In re Grijalva*, 21 I. & N. Dec. 27, 37 (BIA 1995)).  The presumption "may be overcome . . . [when the movant] present[s] substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery or that nondelivery was not due to the respondent's failure to provide an address where he could receive mail."  *In re Grijalva*, 21 I. & N. Dec. at 37.

We need not decide whether the BIA improperly engaged in *de novo* factfinding by determining that the IJ's failure to address Ma's notice challenge was harmless, *see* 8 C.F.R. § 1003.1(d)(3)(i), because we conclude that it would be

4

futile, in any event, to remand this case to the BIA, *see Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005) ("[W]e are not required to remand where there is no realistic possibility that, absent the errors, the IJ or BIA would have reached a different conclusion."). The record contains evidence that the Immigration Court sent Ma notice of her hearing by certified mail to the address of record for her attorney and Ma never provided any evidence to the agency demonstrating nondelivery or her attorney's failure to notify her of the hearing. *See In re Grijalva*, 21 I. & N. Dec. at 37.[2]

In her brief to this court, Ma suggests that certified mail addressed to her "previous attorney, Mr. Porges" was insufficient to put her on notice. Pet'r's Br. at 16. But there is no indication in the record that Ma retained other counsel before the notice was mailed or that she informed

---

[2] We have jurisdiction to consider whether Ma demonstrated that she had not received notice of her February 1996 hearing because, although she abandoned any such argument before the BIA, the BIA found that Ma's attorney of record had received notice of her hearing by certified mail and noted that she did not assert that her attorney had failed to notify her of her hearing date. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296-97 (2d Cir. 2006) (holding that when BIA addresses issues not raised by petitioner, those issues are considered exhausted and may be reviewed by this court).

the agency of this fact. Moreover, Ma's allegation that "Mr. Porges has been convicted of illegal and unethical legal practices," *id.* at 17, is insufficient to permit the BIA to rescind her removal order. While ineffective assistance of counsel may constitute "exceptional circumstances" permitting rescission, *see Aris v. Mukasey*, 517 F.3d 595, 596, 600 (2d Cir. 2008), Ma's motion was filed well after the 180-day deadline for motions to rescind under 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1), and we are directed to no evidence showing that Ma exercised due diligence justifying equitable tolling, *see Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000).

Accordingly, to the extent Ma challenges the BIA's denial of her motion to rescind, we deny the petition for review.

### 3. Motion to Reopen

We lack jurisdiction to consider Ma's unexhausted claim that the BIA violated her due process rights. *See* 8 U.S.C. § 1252(d)(1); *see also Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006); *Grullon v. Mukasey*, 509 F.3d 107, 115 (2d Cir. 2007) (finding that "there is no 'manifest injustice' exception to [8 U.S.C.] § 1252(d)'s exhaustion

6

requirement"). Accordingly, we dismiss the petition for review to the extent that Ma raises a due process claim.[3]

The agency did not abuse its discretion in denying Ma's motion to reopen as untimely. An alien must file a motion to reopen "within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion, or on or before September 31, 1996, whichever is later." 8 C.F.R. § 1003.23(b)(1). There is no dispute that Ma's April 2006 motion to reopen was untimely because it was filed more than nine years after September 31, 1996. Although there is no time limitation for an alien who did not receive notice of her hearing to file a motion to rescind an *in absentia* deportation order, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2), the agency did not err in applying the 90-day deadline insofar as she moved to reopen proceedings based on new evidence. *See Alrefae*, 471 F.3d at 357.

---

[3] We recognize that the BIA may not consider constitutional arguments. Nevertheless, Ma was required to exhaust such argument because the BIA was able to provide her with the requested relief, i.e., consideration of her motion to reopen to pursue her new asylum application. *See Theodoropoulos v. INS*, 358 F.3d 162, 172-73 (2d Cir. 2004) (recognizing that there may be limited exceptions to the statutory exhaustion requirement for claims that would offer the party no possibility of obtaining any type of relief).

There is also no time limit for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered." 8 C.F.R. § 1003.23(b)(4)(i). Ma abandons any challenge to the agency's finding that she failed to demonstrate changed conditions in China excusing the untimely filing of her motion to reopen. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (deeming insufficiently argued issues waived). Rather, Ma argues only that she established her *prima facie* eligibility for relief based on the birth of her United States citizen children, and this is insufficient to qualify for the 8 C.F.R. § 1003.23(b)(4)(i) exception. *See Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (distinguishing changed country conditions from changed "personal circumstances *in the United States*" (emphasis in original)); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) ("[I]t would be ironic, indeed, if petitioners . . . who have remained in the United States illegally following an order of deportation, were permitted to have a second and third bite at the apple simply because they managed to . . . have children while evading authorities. This apparent gaming of the system in an

8

effort to avoid deportation is not tolerated by the existing regulatory scheme."). Moreover, we have previously reviewed the agency's analysis of evidence similar to that which Ma submitted in this case and concluded that the agency does not err in finding that such evidence does not demonstrate either material changed country conditions or a reasonable possibility of forced sterilization. *See Jian Hui Shao*, 546 F.3d at 158-73.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____