**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4791
_____

ARACELI RIOS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Appeal from the Board of Immigration Appeals
(Agency No. A200-689-667)
Immigration Judge: Hon. Mirlande Tadal

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2015

Before:  CHAGARES, KRAUSE, and VAN ANTWERPEN, <u>Circuit Judges</u>.

(Filed:  August 7, 2015)
_____

OPINION[*]
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Araceli Rios petitions for review of a final order of removal issued by the Board of

Immigration Appeals ("BIA") on November 27, 2013.  For the reasons that follow, we

will dismiss the petition in part and deny it in part.

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

Rios, a native and citizen of Mexico, entered the United States in early 1999 without permission to do so. On June 9, 2010, the Department of Homeland Security ("DHS") issued a Notice to Appear charging Rios with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States who has not been admitted or paroled. During a June 14, 2010 hearing on the notice, Rios admitted the factual allegations contained therein, and the Immigration Judge ("IJ") sustained the charge of removability. (Administrative Record "A.R." 251–52). Rios explained that she had six children who are United States citizens, five of whom lived with her, and she received an application for cancellation of removal.[1] The IJ continued the hearing to allow Rios to obtain counsel. The IJ then continued the hearing another five times to allow Rios to bring to court the documents necessary to support her application and to obtain counsel.

On January 26, 2011, the IJ held a final hearing on the merits. Rios was not represented by counsel at this hearing. In an oral disposition, the IJ denied Rios's application for cancellation of removal. The IJ found that although Rios had shown she was in the United States continuously for ten years and was a person of good moral character, she had not shown that her removal would result in exceptional and extremely unusual hardship according to the standards set forth in Matter of Recinas, 23 I. & N. Dec. 467 (BIA 2002); In re Andazola-Rivas, 23 I. & N. Dec. 319 (BIA 2002); and Matter of Monreal-Aguinaga, 23 I. & N. Dec. 56 (BIA 2001). Specifically, Rios had not shown

---

[1] According to Rios's brief, she has had two more children since the IJ rendered her decision.

that her removal would result in "hardship that is substantially beyond that which would ordinarily be expected to result from the person's departure." Recinas, 23 I. & N. Dec. at 468.

In making the hardship determination, the IJ observed that Rios's brother and sister share custody of the children, and that Rios and her children live with Rios's brother. The children also receive welfare benefits for food and housing. The IJ observed that Rios does not work, and so her deportation would not affect her children's financial status. Although the IJ acknowledged that Rios provides day-to-day care for her children and recognized that her deportation would be an emotional loss for them, the IJ concluded that Rios's deportation would not result in "an exceptional and extremely unusual hardship beyond that which normally would be expected to result from removal." A.R. 334–35 . The IJ thus denied Rios's application for cancellation of removal at the conclusion of the January 26, 2011 hearing.

Rios then obtained counsel, and on October 11, 2011, she filed a "motion to reopen and/or motion to reconsider." A.R. 245. On November 30, 2011, the IJ issued a decision denying the motion. The IJ considered the motion separately as a motion to reopen and as a motion to reconsider and found that under either statute, it was untimely filed. The IJ also found that insofar as the motion urged reconsideration, it failed to show a factual or legal error in the IJ's earlier decision, and insofar as it was a motion to reopen, the motion failed to include any relevant, previously unavailable evidence.[2] The

---

[2] In so concluding, the IJ noted that the evidence of the hardship Rios's brother experienced in caring for the children was already known to the court and was not

3

IJ declined to reopen the case <u>sua</u> <u>sponte</u> on the ground that such reopening is to be used "sparingly" and in "exceptional situations." A.R. 242. She noted that the power to reopen was not to be used to cure filing defects, and she found that Rios's circumstance was not exceptional because Rios had been afforded many prior opportunities to present her claim.

Rios appealed to the BIA, which adopted the IJ's reasoning, affirmed the denial, and dismissed the appeal on November 27, 2013. The BIA also found that Rios's claim that the time limit should be equitably tolled because the IJ had "brazenly violated" Rios's right to obtain counsel during the proceedings was not presented to the IJ and so was not preserved. Moreover, the BIA found that even if the claim had been preserved, it lacked merit, both because it was belied by the record and because the alleged misconduct would not be a basis for tolling.

Rios filed a timely petition for review.

---

relevant because he was not a qualifying relative for purposes of cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D). This reasoning misunderstands Rios's argument. The evidence of the difficulty Rios's brother experienced in caring for the children was not relevant because of the hardship on her brother, but on her children, who are qualifying relatives under the statute. <u>See</u> A.R. 339 ("In the event that my sister Araceli were not permitted to remain in the USA, I would not be able to care for, let alone raise, her five (5) U.S. Citizen children who reside with her.") (emphasis omitted). Because Rios's brother had suggested during the immigration proceedings that he might not be able to care for the children if Rios was deported and might require them to return to Mexico with Rios, this information was nevertheless not unavailable at the earlier proceeding.

4

## II.

The BIA had jurisdiction pursuant to 8 C.F.R. §§ 1003.1(b)(3) and 1240.15.  We exercise jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).  See Kucana v. Holder, 558 U.S. 233, 252–53 (2010).

Because the BIA adopted the IJ's reasoning in affirming the decision and added reasoning of its own, our review encompasses both decisions.  Martinez v. Att'y Gen. of U.S., 693 F.3d 408, 411 (3d Cir. 2012).  The BIA has discretion to grant a motion to reopen or reconsider, and so we review a denial of such a motion under the highly deferential "abuse of discretion" standard.  We do not disturb the agency's decision unless it was "arbitrary, irrational, or contrary to law."  Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (quotation mark omitted); see also Alzaarir v. Att'y Gen. of U.S., 639 F.3d 86, 89 (3d Cir. 2011).

We may not review the decision not to exercise sua sponte authority to reopen proceedings unless that decision is based on an incorrect legal premise.  See, e.g., Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003); Pllumi v. Att'y Gen. of U.S., 642 F.3d 155, 159 (3d Cir. 2011).

## III.

An undocumented person subject to a final order of removal may file one motion to reconsider, specifying errors of law or fact in the contested order, within thirty days of the date of entry of the final administrative order of removal.  See 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.23(b)(1).  She may also file a motion to reopen within 90 days of the entry of such an order.  See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1).  A

motion to reopen must include material evidence that "was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3). Rios does not contest that her motion, filed more than nine months after the entry of the order of removal, was time-barred under either limitations period. Instead, she contends that the time limits should be equitably tolled.

The period for filing motions to reopen and reconsider is subject to equitable tolling. See Alzaarir, 639 F.3d at 90 (3d Cir. 2011). Equitable tolling is "an extraordinary remedy which should be extended only sparingly." Mahmood v. Gonzales, 427 F.3d 248, 253 (3d Cir. 2005) (quoting Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005)). It is available only where (1) the litigant seeking tolling has diligently pursued her rights, and (2) extraordinary circumstances have prevented her from filing. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Extraordinary circumstances typically exist where some factor beyond the petitioner's control, such as ineffective assistance of counsel, has prevented her from timely filing. See, e.g., Mahmood, 427 F.3d at 249; Borges v. Gonzales, 402 F.3d 398, 408 (3d Cir. 2005). The diligence and extraordinary circumstances test is conjunctive, and we will first consider whether extraordinary circumstances prevented Rios from filing.[3]

---

[3] It appears that the IJ did not consider whether Rios had exercised diligence in pursuing her rights, and the BIA found this issue waived and so did not consider it. Though "[w]hether an alien has exercised due diligence generally should be determined by the IJ in the first instance, and typically a remand would be in order absent a finding of diligence (or lack thereof)," when "the outcome is clear as a matter of law . . . remand is not necessary." Mahmood, 427 F.3d at 252–53.

6

Rios argues that the extraordinary circumstance that prevented her from filing here was not ineffective assistance of counsel, but the IJ's conduct.[4] She identifies no case in which an IJ's conduct has been found to constitute extraordinary circumstances warranting equitable tolling, but she reasons, "if an attorney's actions or omissions can excuse an [] alien from having missed regulatory filing deadlines, then surely improper and problematic conduct by that alien's judge who conducted the closed proceedings ought not to end up a priori excluded from the universe of possible legal reasons for tolling." Rios Br. 21 (emphases omitted).

The logic of Rios's premise is not sound — ineffective assistance of counsel has been found to allow tolling because if a petitioner is represented, the petitioner trusts his attorney to file any motion for reconsideration in a timely manner, and if the attorney fails to do so, "through no fault of his own" a petitioner may be "deprived of further proceedings in [his] case." Mahmood, 427 F.3d at 252. Any misconduct by an immigration judge, on the other hand, would typically happen during the proceedings and would not affect a petitioner's ability to file a motion to reconsider later.

The misconduct that Rios alleges appears to be threefold. First, she contends that after she requested counsel, the IJ continued with the initial hearing and asked Rios if she would plead to the factual bases for the charge — that she was not a United States citizen and had crossed the border into the United States in January of 1999. Second, she objects that the postponements the IJ allowed for the hearing — from June 14, 2010 until January 26, 2011 — were insufficient to allow her to obtain counsel and submit the supporting

_____

[4] Even if this argument was preserved, it readily fails on the merits.

documents for the application for cancelation of removal. (Rios Br. 11–14). Third, Rios objects that she did not receive adequate Spanish-language translation. (Rios Br. 13 n.7). The BIA found that this conduct, which took place before the limitations period began to run, did not deprive Rios of the opportunity to file a motion to reopen or reconsider after her contact with the IJ ended. We agree.

Rios argues that although the IJ's conduct took place before the running of the limitations period, it nevertheless prevented her from timely filing a motion to reopen or reconsider because it stopped her from obtaining counsel who would have timely filed such a motion. This argument is unpersuasive. The IJ continued the proceedings six times and told Rios she could attempt to obtain free legal services, and Rios received a list of providers.[5] The right to counsel in an immigration proceeding is limited to the right to obtain counsel at no cost to the Government. See 8 U.S.C. § 1229a(b)(4)(A); Leslie v. Att'y Gen. of U.S., 611 F.3d 171, 181 (3d Cir. 2010) ("[A]lthough the Fifth Amendment does not mandate government-appointed counsel for aliens at removal proceedings, it indisputably affords an alien the right to counsel of his or her own choice at his or her own expense."). The IJ did not interfere with that right here. We are well aware of the lamentable dearth of free legal services available to undocumented persons in immigration proceedings, but that system-wide problem does not mean the IJ in this case prevented Rios from obtaining counsel.

---

[5] We note that our observation that the IJ complied with 8 C.F.R. § 1240.10(a)(1)–(3) in informing Rios of her right to counsel is not an endorsement of the questionable practice of accepting pleadings as to the factual bases of the removal proceedings before the petitioner has had an opportunity to seek counsel.

With regard to the argument that Rios could not understand the proceedings, the record reflects that a Spanish-speaking translator was present and participated throughout the proceedings.

In light of Rios's failure to show that extraordinary circumstances prevented her from filing the motion to reopen or reconsider, it was not an abuse of discretion for the BIA to find that equitable tolling was not warranted in this case, and we will deny her petition for review with respect to this determination.

The decision not to reopen the proceedings sua sponte because Rios was given several opportunities to submit information supporting her application for cancellation and because she did not in her motion to reopen or reconsider submit information showing a "reasonable likelihood of success upon reopening," A.R. 242 (quotation marks omitted), was not based on an incorrect legal premise. We thus lack jurisdiction to consider it. See Pllumi, 642 F.3d at 159.

IV.

For the foregoing reasons, we will dismiss the petition in part and deny it in part.