**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2335
_____

NAK KIM CHHOEUN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of a Decision
of the Board of Immigration Appeals
(A025-183-587)
Immigration Judge: Grace A. Sease
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 22, 2019
_____

Before: GREENAWAY, JR., PORTER, and COWEN,
*Circuit Judges*

(Filed: March 4, 2020)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

Nak Kim Chhoeun moved to the United States from Cambodia when he was six years old. After being arrested in 1997, Chhoeun pleaded guilty to several crimes, including simple assault and carrying firearms on public streets. In 2002, an Immigration Judge ordered him removable. Yet the United States never deported Chhoeun. Instead, Immigration and Customs Enforcement ("ICE") placed Chhoeun under supervision in 2003.

Well over a decade later, ICE detained Chhoeun in October 2017. Only after his 2017 detention did Chhoeun *then* decide to seek reopening and reconsideration of his case. The Board of Immigration Appeals ("BIA") denied Chhoeun's challenge. He now petitions for review of the BIA's order. Chhoeun's arguments lack merit, so we will deny in part and dismiss in part his petition.

**I**

Chhoeun was born in Cambodia in 1975. In 1981, he and his family were admitted to the United States as refugees. He became a lawful permanent resident in 1984. In 1997, the police arrested Chhoeun, and he was charged with aggravated assault under 18 Pa. Cons. Stat. § 2702(a) and conspiracy to commit aggravated assault under 18 Pa. Cons. Stat. § 903(a). A jury found him guilty of the conspiracy charge but not guilty of the aggravated assault charge. A trial court later vacated Chhoeun's original sentence for conspiracy to commit aggravated assault.

While awaiting his criminal trial, Chhoeun was charged with crimes relating to his carrying a gun on a public street. These new charges were (1) carrying firearms on public

2

streets under 18 Pa. Cons. Stat. § 6108, (2) misdemeanor simple assault under 18 Pa. Cons. Stat. § 2701(a), and (3) conspiracy to commit simple assault under 18 Pa. Cons. Stat. § 903(a). Chhoeun pleaded guilty to all three offenses that related to carrying a gun on a public street.

Eventually, Chhoeun received a notice to appear before the Immigration and Naturalization Service ("INS"). The INS asserted that Chhoeun was deportable for three reasons. First, Chhoeun was convicted of a firearms offense, in violation of 8 U.S.C. § 1227(a)(2)(C). Second, Chhoeun was convicted of an aggravated felony, defined as a crime of violence for which the term of incarceration is one year or more, in violation of 8 U.S.C. § 1227(a)(2)(A)(iii). And third, Chhoeun was convicted of an aggravated felony, defined as an attempt or conspiracy to commit an offense amounting to an aggravated felony, in violation of 8 U.S.C. § 1227(a)(2)(A)(iii).

Chhoeun conceded that he could be removed for his firearms conviction, but he challenged his deportability based on his aggravated felony convictions.[1] The Immigration Judge held that Chhoeun could be removed, finding that Chhoeun had been convicted of a crime of violence that amounted to an aggravated felony. The Immigration Judge ordered Chhoeun's deportation.

Chhoeun then appealed the Immigration Judge's decision to the BIA. Chhoeun mainly asserted that the Immigration Judge erred by concluding that his simple assault

---

[1] On June 4, 2018, the Court of Common Pleas of Philadelphia County issued an amended order that clarified that Chhouen pleaded guilty to 18 Pa. Const. Stat. § 2701(a)(1). For the reasons explained later, *see infra* note 4, we may not and thus will not consider the amended order.

3

conviction amounted to an aggravated felony. The BIA rejected his arguments and dismissed Chhoeun's appeal in May 2003. After losing that appeal, Chhoeun remained in custody until a district court granted Chhoeun habeas relief in 2003. After his release, ICE placed Chhoeun on an order of supervision.

More than a decade later in October 2017, Chhoeun received a letter requesting that he report to an ICE office. When he arrived at the office, ICE detained him. After meeting with counsel, Chhoeun filed his motion to reopen and reconsider the BIA's 2013 decision. He claimed that "the BIA and the Supreme Court rejected the analysis sustaining the aggravated felony charge of removability" during the time since his 2003 appeal. R 35. He alternatively requested that the BIA reopen his case sua sponte. The BIA denied Chhoeun's motion, and he petitioned for review.

## II

The BIA had jurisdiction to consider Chhoeun's motion to reopen and reconsider under 8 C.F.R. § 1003.2(b)–(c). Because Chhoeun is an alien removable for a firearm offense under 8 U.S.C. § 1227(a)(2)(C), our jurisdiction is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(C)–(D). The standard of review is de novo. *Roye v. Att'y Gen.*, 693 F.3d 333, 339 (3d Cir. 2017).

Additionally, under 8 C.F.R. § 1003.2(a), the BIA had jurisdiction to consider Chhoeun's request for sua sponte reopening. But because 8 C.F.R. § 1003.2(a) includes no standard governing the BIA's discretion to reopen a case sua sponte, we generally lack jurisdiction to review a denial of a sua sponte reopening. *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir. 2003) ("Because the BIA retains unfettered discretion to decline to

4

*sua sponte* reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case.").

### III

Chhoeun raises two issues in his petition for review. First, he contends that the BIA erred by denying his motion to reopen and reconsider. Second, Chhoeun believes that the BIA should have reopened his case sua sponte. We disagree, so we will deny in part and dismiss in part Chhoeun's petition for review.

### A

First, Chhoeun challenges the denial of his motion to reopen and reconsider. Chhoeun moved to reopen and reconsider almost fifteen years after the Immigration Judge issued the order of removal. The BIA found that Chhoeun's motion was untimely. To be timely, a motion to reconsider must be filed within thirty days of the final order of removal. 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). A motion to reopen must be filed within ninety days of the final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Chhoeun filed the motion to reopen and reconsider well beyond these two deadlines.

Despite the extreme untimeliness of his motion, Chhoeun still asserts that the BIA incorrectly denied his motion to reopen and reconsider. He argues that the BIA should have equitably tolled the filing deadlines for his motion. But Chhoeun's argument fails. On one hand, we have held that motions to reopen are subject to equitable tolling. *See, e.g.*, *Alzaarir v. Att'y Gen.*, 639 F.3d 86, 90 (3d Cir. 2011). On the other hand, we have

5

not held that motions to reconsider are subject to equitable tolling.[2] Yet we need not decide here whether equitable tolling applies to motions to reconsider. Because Chhoeun fails to provide enough evidence to justify equitable tolling, we will assume without deciding that equitable tolling applies to his motion to reconsider.

"Equitable tolling is an extraordinary remedy which should be extended only sparingly." *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005). To receive equitable tolling, an alien must have acted with due diligence "over the entire period for which tolling is desired." *Alzaarir*, 639 F.3d at 90; *see also Mahmood v. Gonzales*, 427 F.3d 248, 252–53 (3d Cir. 2005).

The BIA ultimately held that Chhoeun failed to act with sufficient diligence to merit equitable tolling of the deadlines for his motion. It found that "[t]he record reflects that the [BIA] did not receive the motion until February 5, 2018, almost [fifteen] years after the [BIA's] decision." A 4. "To the extent that [Chhoeun] is arguing that his motion is subject to equitable tolling of the time and number limits, *we do not find that [he] acted with due diligence* between the issuance of the Supreme Court's and [the BIA's] decisions and the filing of the current motion." A 5 (emphasis added).[3]

---

[2] One panel of this Court has held that equitable tolling applies to both motions to reopen and motions to reconsider. *See Rios v. Att'y Gen.*, 615 F. App'x 752, 755 (3d Cir. 2015) (citation omitted). But non-precedential opinions are not binding under I.O.P. 5.7.

[3] Chhoeun believes that the BIA considered his due diligence argument only for his motion to reopen—but not for his motion to reconsider. This argument is nothing more than Chhoeun trying to have it both ways. He titled his motion a "motion to reopen and reconsider." R 34. He framed his argument about equitable tolling this way: "Mr. Chhoeun's *motion is* timely because he is entitled to equitable tolling." R 42 (emphasis added). And he argued before the BIA that equitable tolling applied to the "motion"—the

6

Chhoeun disagrees with the BIA's conclusion that he failed to exercise enough diligence. Chhoeun mainly argues that the BIA's "failure to consider any of the evidence Mr. Chhoeun submitted" prejudiced him and deprived him of due process. *See* Petitioner's Br. at 34–36. The evidence of Chhoeun's entitlement to equitable tolling— the evidence he claims that the BIA ignored—includes the facts that (1) Chhoeun is a member of an underserved population, (2) Chhoeun could not understand developments in law or how to access legal services, and (3) Chhoeun learned for the first time in January 2018 that a motion to reopen and reconsider could furnish him relief. Chhoeun alternatively requests that we remand his case to the BIA to consider further Chhoeun's arguments. We are unpersuaded.

We may review Chhoeun's argument because a diligence determination is a question of law. 8 U.S.C. § 1252(a)(2)(D); *see Borges v. Gonzales*, 402 F.3d 398, 407 (3d Cir. 2005). Based on the facts found by the BIA, we will decide as a matter of law whether Chhoeun failed to act with due diligence. *See Roye*, 693 F.3d at 339; *Pierre v. Att'y Gen.*, 528 F.3d 180, 184 (3d Cir. 2008) (en banc).

The BIA found that Chhoeun lacked the requisite diligence because Chhoeun allowed nearly fifteen years to elapse before he filed his motion to reopen and reconsider. The BIA's conclusion conforms to our precedent. *See Alzaarir*, 639 F.3d at 90 (noting that the delay of four and a half years showed a lack of due diligence); *Mahmood*, 427

---

entire motion. Then, the BIA, in turn, dispatched with his equitable tolling argument as it related to the "motion." Thus, the BIA adequately considered the diligence arguments presented by Chhoeun.

F.3d at 252 (noting that the delay of eighteen months precluded a finding that the alien exercised due diligence). Chhoeun's motion was much less timely than the ones filed in *Alzaarir* and *Mahmood*, so he failed to show that he undertook due diligence.

We also find unconvincing Chhoeun's excuses for waiting nearly fifteen years to file his motion to reopen and reconsider. In *Mahmood*, we rejected arguments like those advanced by Chhoeun. 427 F.3d at 253 (finding that although the alien may have struggled to "negotiat[e] the shoals of American law, we are also mindful that [e]quitable tolling is an extraordinary remedy" (internal quotation marks and citations omitted) (second alteration in original)). Thus, Chhoeun's arguments fail.

Chhoeun failed to provide any evidence to justify his delay. His lack of diligence is untenable under our precedent. *See id.* at 252. Our sister circuits have likewise declined to employ equitable tolling when, like here, an alien fails to point to any evidence justifying his delay. *See, e.g.*, *Ma v. Holder*, 358 F. App'x 283, 286 (2d Cir. 2009); *Gevorkia v. I.N.S.*, 20 F. App'x 757, 758–59 (9th Cir. 2001). Thus, Chhoeun failed to act with enough diligence as a matter of law. We will deny Chhoeun's petition to review the BIA's denial of his motion to reopen and reconsider.

**B**

Chhoeun next challenges the BIA's refusal to reopen his case sua sponte. "The B[IA] may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). For the BIA to reopen a case sua sponte, an alien must show an "exceptional situation." *Cruz v. Att'y Gen.*, 452 F.3d 240, 249 (3d

8

Cir. 2006) (citations omitted). The BIA "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a).

In general, "decisions wholly within an agency's discretion are unreviewable." *Cruz*, 452 F.3d at 249. An agency's discretionary decision not to reopen a case sua sponte "is near absolute" and "functionally unreviewable[.]" *Park v. Att'y Gen.*, 846 F.3d 645, 650–51 (3d Cir. 2017) (citation omitted). But we have jurisdiction to review a decision not to reopen a case sua sponte when, for example, the "BIA relies on an incorrect legal premise in denying a motion to reopen sua sponte." *Id.* at 651.

Chhoeun argues that we may review the BIA's decision not to reopen his case sua sponte because the decision was predicated on an incorrect legal premise. He claims that the BIA incorrectly decided—based on a false legal premise—that Chhoeun was convicted of an aggravated felony. We disagree. At the outset, we observe that the BIA based its decision on "the entirety of the circumstances presented in this case, including the respondent's criminal history[.]" A 5. In *Park*, we held that a BIA's decision based on "the totality of the circumstances presented" not to reopen a case sua sponte rested within the nearly unfettered discretion afforded to the BIA. *See Park*, 846 F.3d at 649–51. Here, we will likewise not disturb the BIA's conclusion that, based on all the circumstances, Chhoeun failed to show an exceptional situation.

But assuming arguendo that the BIA based its decision solely on Chhoeun's aggravated felony conviction, the BIA did not rely on an incorrect legal premise. A court generally employs the "categorical approach" when discerning whether a prior conviction amounts to an aggravated felony, but when a criminal statute is "'divisible,' a court may

9

resort to the 'modified categorical approach.'" *United States v. Ramos*, 892 F.3d 599, 606–07 (3d Cir. 2018) (citation omitted). "A divisible statute sets out one or more *elements* in the alternative, most often using disjunctive language to list multiple, alternative criminal offenses." *Id.* at 608 (citation omitted) (emphasis in original).

Chhoeun was convicted of simple assault under 18 Pa. Const. Stat. § 2701(a), which is a statute divisible into four separate crimes. We have already implicitly recognized that § 2701(a) is divisible, and we have held that the similarly-structured 18 Pa. Cons. Stat. § 2702(a) is divisible. *See Singh v. Gonzales*, 432 F.3d 533, 539–40 (3d Cir. 2006) (holding that 18 Pa. Cons. Stat. § 2701(a)(3) is a crime of violence under 18 U.S.C. § 16(a)); *Popal v. Gonzales*, 416 F.3d 249, 254–55 (3d Cir. 2005) (holding that 18 Pa. Cons. Stat. § 2701(a)(1) is not a crime of violence under 18 U.S.C. § 16(a) or § 16(b)); *cf. Ramos*, 892 F.3d at 609 (finding that that the "modified categorial approach" applies to 18 Pa. Cons. Stat. § 2702(a) because the statute is divisible). Thus, the "modified categorical approach" applies here.

Chhoeun was charged with criminal conduct satisfying elements of two types of simple assault under § 2701(a)—conduct proscribed by § 2701(a)(1) and § 2701(a)(3). The record is unclear about whether Chhoeun pleaded guilty to simple assault under § 2701(a)(1) or § 2701(a)(3). But that ambiguity is not enough for Chhoeun to receive relief from removal. "[A]n inconclusive record of conviction does not satisfy a noncitizen's burden of demonstrating eligibility for relief from removal." *Syblis v. Att'y Gen.*, 763 F.3d 348, 357 (3d Cir. 2014). Chhoeun has failed to show that the BIA's

decision not to reopen his case sua sponte was based on an incorrect legal premise.[4] Thus, we lack jurisdiction to review the BIA's decision.

\*     \*     \*

For the reasons stated above, we reject both of Chhoeun's challenges. We will deny the petition to review the BIA's denial of Chhoeun's motion to reopen and reconsider. We also lack jurisdiction to review the BIA's decision not to reopen Chhoeun's case sua sponte, so we will dismiss that part of Chhoeun's petition for review.

---

[4] In his reply brief, Chhoeun attached the amended order from the Court of Common Pleas of Philadelphia County clarifying that Chhoeun pleaded guilty to § 2701(a)(1)— and not § 2701(a)(3). According to Chhoeun, this order amounts to proof that he was not convicted of an aggravated felony. But there are two problems with Chhoeun's argument. As an initial matter, Chhoeun first raised the argument in his reply brief, so he forfeited it. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 146–47 (3d Cir. 2017). But more importantly, the BIA made its decision without having the order before it. The Court of Common Pleas issued its order on June 4, 2018, which was after the BIA denied Chhoeun's request to reopen his case sua sponte on May 16, 2018. When the BIA considered Chhoeun's request to reopen his case sua sponte, ambiguity existed as to which subsection of § 2701(a) Chhoeun pleaded guilty. Before the BIA, Chhoeun failed to meet his burden of showing entitlement to relief from removal. *See Syblis*, 763 F.3d at 357.

11